# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAWRENCE VALDEZ,

     Petitioner,

v.                                      Nos. CIV 16-0727 JB/GBW
                                             CR 13-3594 JB

UNITED STATES OF AMERICA,

     Respondent.

## MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on the Petitioner's Motion to Dismiss Without Prejudice, filed March 28, 2017 (Doc. 16). Petitioner Lawrence Valdez filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (and *Johnson v. United States*), filed on June 27, 2016 (Doc. 1)("§ 2255 Petition"), and filed an Amendment to Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed July 13, 2016 (Doc. 5)("Amended Petition")(collectively referred to as "§ 2255 Motions"). Valdez' § 2255 Petition challenges the validity of his sentence, to which he stipulated in his guilty plea because he was facing a guideline range that was enhanced pursuant to §2K2.1(a)(2) of the United States Sentencing Guidelines. See Amended Petition at 2-3.

Valdez argues that his predicate offense of burglary of a dwelling partially underlying the §2K2.1(a)(2) enhancement is no longer a "crime of violence" in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which struck down the residual clause of the "crime of violence" definition as unconstitutionally vague. Amended Petition at 3-11. Valdez argues that the burglary offense constituted a "crime of violence" only under the now-invalidated residual clause. Amended Petition at 4-11. Valdez therefore asserts that he is entitled to resentencing, because the term of imprisonment to which he agreed in his guilty plea exceeds the

guideline range that would have been applicable to his sentence absent the §2K2.1(a)(2) enhancement.  See Amended Petition at 1-3, 11.  The United States filed its Response to the § 2255 Petition on September 29, 2016, see United States' Response to Valdez' Amendment to Motion to Vacate [a]nd Correct Sentence Pursuant to 28 U.S.C. § 2255, filed September 29, 2016 (Doc. 8), and Valdez filed his reply on October 5, 2016, see Reply to Government's Response to Defendant's Amendment to Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255, filed October 5, 2016 (Doc. 9).  The Honorable Gregory B. Wormuth, United States Magistrate Judge for the District of New Mexico issued a Proposed Findings and Recommended Disposition ("PFRD") recommending dismissal of the petition on December 6, 2016.  See Proposed Findings and Recommended Disposition, filed December 6, 2016 (Doc. 10). Valdez filed Objections to the PFRD on December 30, 2016.  See Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 30, 2016 (Doc. 13).

Before the Court could issue a ruling on Valdez' § 2255 Motions, the Supreme Court of the United States of America issued its decision in Beckles v. United States, 580 U.S. ___, No. 15-8544, slip op. (March 6, 2017).  In Beckles v. United States, the Supreme Court held that the guidelines are not subject to a void-for-vagueness challenge.  See 580 U.S. ___, No. 15-8544, slip op. at 5.  Magistrate Judge Wormuth ordered that the parties confer and file a joint statement in light of the impact of Beckles v. United States on the merits of the § 2255 Motions.  See Order Directing Supplemental Briefing in Light of Beckles, filed March 23, 2017 (Doc. 15).  According to Valdez' Motion to Dismiss Without Prejudice, the parties conferred and agreed that the Court should dismiss Valdez' § 2255 Motion, but disagreed whether the Court should dismiss the case with or without prejudice.  See Motion to Dismiss Without Prejudice at 2.  The United States did

not, however, file a response to Valdez' Motion to Dismiss Without Prejudice articulating grounds to support its position that the Court should dismiss the § 2255 Motions with prejudice. Having reviewed § 2255 Motions and being fully advised, the Court concludes that the Motion to Dismiss Without Prejudice has merit and will grant it.

Rule 41 of the Federal Rules of Civil Procedure permits dismissal of an action "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Absent legal prejudice to the respondent, the court should typically grant a voluntary dismissal. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). Prejudice "does not arise simply because a second action . . . may be filed against the [respondent.]" Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005). Rather, in determining whether granting Valdez' § 2255 Motions would cause legal prejudice to the United States, the Court should consider factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation[,]" although this list of factors is not exhaustive. Ohlander v. Larson, 114 F.3d at 1537. In determining whether prejudice will result from granting a voluntary dismissal, the court "should endeavor to [ensure] substantial justice is accorded to both parties. . . . [and] therefore[] must consider the equities not only facing the [respondent], but also those facing the [petitioner][.]" Ohlander v. Larson, 114 F.3d at 1537.

Valdez filed this habeas action under 28 U.S.C. § 2255. The first Ohlander v. Larson factor -- the United States' effort and expense in preparing for trial -- does not apply to this action. The Court acknowledges the United States' effort and expense related to briefing Valdez' § 2255 motion. Unlike the circumstances of a typical civil lawsuit, however, Valdez' subsequent filing of a similar action would not expose the United States to damages or liability.

See 28 U.S.C. § 2255.  A § 2255 motion instead allows a criminal defendant to seek relief from an allegedly illegal or unconstitutional sentence, such that the "equities" facing Valdez if the Court were to dismiss his action with prejudice are significant.  See 28 U.S.C. § 2255(h).  See also Ohlander v. Larson, 114 F.3d at 1537.

Here, the United States has offered no sound basis for a conclusion that prejudice to it would result from granting Valdez' Petitioner's § 2255 Motions.  Absent such a showing, dismissal without prejudice is appropriate.  See Brown v. Baeke,, 413 F.3d at 1123-24.

**IT IS ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed on June 27, 2016 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATE DISTRICT JUDGE

*Counsel:*

Michael A. Keefe
    Assistant Federal Public Defender
Office of the Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Petitioner*

-- and --

Shaheen P. Torgoley
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorney for the Respondent*